38 P.3d 590

Travis E. SCHONLEBER and Nanette S. Schonleber, Plaintiffs–Appellants,

v.

A REEF ADVENTURE, INC., a Hawai'i corporation, Ronald Koji Takahashi and Mary Kathleen Takahashi, Defendants–Appellees,

and

Chase Mortgage Company, formerly known as Chemical Mortgage Company, Necessary Defendant–Appellee,

and

Does 1–50, Defendants.

No. 23631.

Intermediate Court of Appeals of Hawai'i.

Dec. 18, 2001.

Certiorari Denied Jan. 28, 2002.

Steven B. Jacobson (Torkildson, Katz, Fonseca, Jaffe, Moore & Hetherington, of counsel), on the briefs, Honolulu, for Plaintiffs–Appellants.

Stuart M. Cowan, on the briefs, for Defendants–Appellees.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.[1]

Plaintiffs–Appellants Travis E. Schonleber and Nanette S. Schonleber (the Schonlebers) and their attorney, Steven B. Jacobson (attorney Jacobson) (collectively Appellants) appeal from the July 28, 2000 Order Granting Plaintiffs' Motion to Set Aside Final Order of Dismissal Filed on May 22, 2000,[2] on the conditions of the payment of fines by attorney Jacobson to the attorneys for Defendants–Appellees A Reef Adventure, Inc., a Hawai'i corporation (ARA), and Ronald Koji

---

1. On July 18, 2001, this court filed a Memorandum Opinion in this case. On July 30, 2001, Plaintiffs Appellants Travis E. Schonleber and Nanette S. Schonleber filed Appellants' Motion for Partial Consideration. On August 9, 2001, this court granted the motion and set aside the previously filed Memorandum Opinion. This opinion is the result of this court's reconsideration.

2. Circuit Court Judge Kevin S.C. Chang presided in this case.

Takahashi and Mary Kathleen Takahashi (the Takahashis). We vacate and remand.

In this opinion, we answer the following questions: (1) When a notice of proposed dismissal of the case for failure to file a pretrial statement is withdrawn by the court on condition that specified action is subsequently taken by a party, is the withdrawal effective immediately or upon fulfillment of the condition? (2) When an order of dismissal of the case is set aside by the court on condition that specified action is subsequently taken by a party, is the order set aside immediately or upon fulfillment of the condition? (3) When the inexcusable inaction of the plaintiffs' attorney causes the defendants to incur additional attorney fees, does Rule 12(t) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH) (2000) allow the circuit court the discretion to order the plaintiffs' attorney to pay those attorney fees incurred by the defendants? (4) Can a court order requiring a party's attorney to make a payment be a pre-condition or a post-condition to an order in favor of the party when the party is not authorized to make the payment for the attorney?

## BACKGROUND

On October 22, 1998, the Schonlebers filed their complaint against ARA, the Takahashis, and first mortgagee, Defendant Chemical Mortgage Company, now known as Chase Mortgage Company (Chase). The complaint sought to collect $57,095.90 plus interest on ARA's promissory note secured by a guaranty from the Takahashis and a second mortgage on real estate owned by the Takahashis. The complaint also presented three assumpsit claims against ARA. One was for $14,000, another was for approximately $15,000, and the third was for $25,000. Finally, the complaint sought an accounting from the Takahashis regarding the financial affairs of ARA. Paragraph 22 of the complaint alleges, in relevant part, that "ARA is a closely held corporation with only five stockholders. [The Schonlebers] are two of the five stockholders, and are former officers and directors of ARA. The Takahashis are two of the other stockholders, current officers and current directors of ARA."

On July 26, 1999, pursuant to the RCCH Rule 12(q), the clerk of the court issued a Notice of Proposed Dismissal due to the Schonlebers' failure to file a pretrial statement within eight months after the complaint was filed. On July 28, 1999, attorney Jacobson filed a Declaration of Counsel Objecting to Notice of Proposed Dismissal in which he cited his inability to complete discovery until "yesterday" and requested an extension to August 27, 1999, in which to file a pretrial statement.

An Order Withdrawing Notice of Proposed Dismissal was filed on August 4, 1999, stating: "IT IS ORDERED that the Notice of Proposed Dismissal entered herein on *JULY 26, 1999* is hereby withdrawn on condition that Pretrial STATEMENT IS FILED WITHIN 90 DAYS." (Emphases in original.)

On September 29, 1999, the Schonlebers moved for partial summary judgment.

The court granted, on October 26, 1999, the Schonlebers' Ex Parte Motion for Second Extension of Time for Filing Pretrial Statement. The deadline for filing the pretrial statement was extended to January 25, 2000.

On January 12, 2000, a hearing was held on the Schonlebers' motion for partial summary judgment. A minute order entered on January 28, 2000, stated what was subsequently stated in the April 28, 2000 order.

On April 28, 2000, the court entered its order granting in part and denying in part the Schonlebers' motion for partial summary judgment. The Schonlebers won only their monetary claims and only against ARA.

The Schonlebers failed to file their pretrial statement and the clerk of the court entered a final order of dismissal on May 11, 2000.

On May 22, 2000, attorney Jacobson filed the Schonlebers' Motion to Set Aside Final Order of Dismissal (May 22, 2000 Motion). Attorney Jacobson implied that he had not been ready to file the pretrial statement prior to the entry of the April 28, 2000 order disposing of his clients' motion for partial summary judgment. He stated, in relevant part:

At that time, [attorney Jacobson] was immersed in a lengthy jury trial in United

States District Court which had begun on April 11, 2000, did not conclude until return of a jury verdict on May 3, 2000, and was followed immediately by post-trial work—the District Court vacated its judgment on May 11, 2000, the same date as the Court's Final Order of Dismissal herein.

[Attorney Jacobson] has now been able to draft their Pretrial Statement, in light of the Court's Order of April 28, 2000, and is attempting to set up the face-to-face meeting of all counsel required before it can be completed and filed.

On June 13, 2000, a hearing was held on the May 22, 2000 Motion.

On July 14, 2000, the Schonlebers filed their pretrial statement.

On July 28, 2000, the court entered its written order granting the May 22, 2000 Motion as follows, in relevant part:

The Court further finds that [attorney Jacobson] acted recklessly in failing to comply with the Court's Order . . . filed on October 26, 1999, and failing to file Plaintiffs' pretrial statement by January 25, 2000.

The Court finds that, as a direct result of counsel's reckless conduct, that Defendants incurred unnecessary cost and expense in having to appear and prepare for the hearing on Plaintiffs' Motion to Set Aside Final Order of Dismissal.

However, . . . recognizing that dispositions on the merits are favored and believing that a party should not be punished or penalized for acts of counsel, . . .

Plaintiffs' Motion is granted and the Final Order of Dismissal filed on May 11, 2000 is set aside on the following conditions: (1) [the Schonlebers'] pretrial statement shall be filed no later than July 14, 2000; (2) [attorney Jacobson] shall make a $50.00 payment to the William S. Richardson School of Law; (3) [attorney Jacobson] shall make a $450.00 payment to . . . counsel for Defendants Takahashi; and (4) . . . a $150.00 payment to . . . counsel for Defendant A Reef Adventure, Inc.

On May 15, 2001, in Bk. No. 01–01977, in the United States Bankruptcy Court for the District of Hawai'i, the Takahashis filed a Voluntary Petition Under Chapter 7, 11 U.S.C. § 726 (1993).

## POINTS ON APPEAL

The Appellants contend that the May 11, 2000 final order of dismissal was erroneously entered because after the January 25, 2000 extension had passed, "instead of sending out a notice of proposed dismissal thereafter, the Clerk issued a dismissal of the action without any warning."

The Appellants contend that the circuit court erred in conditioning the July 28, 2000 order setting aside the May 11, 2000 final order of dismissal upon a $450.00 payment by attorney Jacobson to counsel for the Takahashis and a $150.00 payment by attorney Jacobson to counsel for ARA.

## RELEVANT RULES

RCCH Rule 12(q) (2000) states as follows: **Dismissal for Want of Prosecution.** Where a pretrial statement has not been filed within 8 months after a complaint has been filed or within any further period of extension granted by the court or if a trial setting status conference has not been scheduled as required by Rule 12(c), the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections thereto showing good cause (specific reasons) are filed within 10 days after receipt of such notice. If objections are not filed within said 10–day period or any extension granted by the court, the case shall stand dismissed without prejudice without the necessity of an order of dismissal being entered therein. Where objections are filed within said 10–day period or any extension granted by the court, the court shall hear said objection upon notice and determine whether the case should be dismissed.

RCCH Rule 12(t) (2000) states as follows: "Failure of a party or his attorney to comply with any section of this rule is deemed an undue interference with orderly procedures and unless good cause is shown, the court

may, in its discretion, impose sanctions in accord with Rule 12.1(a)(6) of these rules."

RCCH Rule 12.1(a)(6) (2000) states as follows:

*Sanctions.* The failure of a party or his attorney . . . shall, unless a good cause for such failure or neglect is shown, be deemed an undue interference with orderly procedures. As sanctions, the court may, in its discretion:

(i) Dismiss the action on its own motion, or on the motion of any party or hold a party in default, as the case may be;

(ii) Order a party to pay the opposing party's reasonable expenses and attorneys' fees;

(iii) Order a change in the calendar status of the action;

(iv) Impose any other sanction as may be appropriate.

## STANDARD OF REVIEW

 "On appellate review, . . . sanctions . . . are reviewed for an abuse of discretion." *Enos v. Pacific Transfer & Warehouse, Inc.,* 79 Hawai'i 452, 459 n. 7, 903 P.2d 1273, 1280 n. 7 (1995). "A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party." *Ho v. Leftwich,* 88 Hawai'i 251, 256, 965 P.2d 793, 798 (1998) (citations, internal quotation marks, and ellipses omitted).

## DISCUSSION

### A.

 The Notice of Appeal filed on August 1, 2000, is by both the Schonlebers and attorney Jacobson. Attorney Jacobson is authorized to appeal the July 28, 2000 order because orders imposing sanctions against attorneys are immediately appealable under the collateral order doctrine. *Siangco v. Kasadate,* 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994).

### B.

 The Schonlebers argue that the May 11, 2000 final order of dismissal was erroneously entered because after the January 25, 2000 extension had passed, "instead of sending out a notice of proposed dismissal thereafter, the Clerk issued a dismissal of the action without any warning." We agree.

When the clerk of the court issued the original Notice of Proposed Dismissal on July 26, 1999, the clerk complied with the requirements of RCCH Rule 12(q). Thereafter, this notice was withdrawn. The fact that it was "withdrawn on condition" does not change the fact that it was withdrawn. The October 26, 1999 order extended the time to file a pretrial statement to January 25, 2000. When attorney Jacobson and the Schonlebers failed to comply with the January 25, 2000 deadline, the court could not dismiss the case for want of prosecution absent issuance of a new notice of proposed dismissal pursuant to RCCH Rule 12(q).

 In other words, when it is not apparent whether the conditions upon which the order is entered are pre-conditions to the effectiveness of the order or post-conditions to the effectiveness of the order, it shall be concluded that they are post-conditions [3] and that the order is effective whether or not the conditions are satisfied.

### C.

 There is a question whether, when the circuit court entered its July 28, 2000 order setting aside the May 11, 2000 Final Order of Dismissal and imposed four conditions, the four conditions were pre-conditions to the effectiveness of the order or post-conditions to the effectiveness of the order. Applying the rule stated above that when it is not apparent whether the conditions on which the order is entered are pre-conditions to the effectiveness of the order or post-conditions to the effectiveness of the order, it

---

**3.** Such orders should expressly state what the situation is prior to fulfillment of the condition and what the situation will be upon fulfillment of the condition. In this situation, the order might have stated that the Notice of Proposed Dismissal will be withdrawn if and when a pretrial statement is filed on or before a specific date in November 1999, and will not be withdrawn and will be enforced if a pretrial statement is not filed on or before that date.

shall be concluded that they are post-conditions to the effectiveness of the order, we conclude that the four conditions are post-conditions to the effectiveness of the order.

### D.

█ RCCH Rule 12(t) allows the imposition of sanctions for "[f]ailure of a party or his attorney to comply with any section of this rule[,]" and specifies that "unless good cause is shown," sanctions may be imposed "in accord with Rule 12.1(a)(6) of these rules." *Id.* Among other sanctions, RCCH Rule 12.1(a)(6) allows the court to "[o]rder a party to pay the opposing party's reasonable expenses and attorneys' fees" or "[i]mpose any other sanction as may be appropriate." *Id.* Therefore, within its power to "[i]mpose any other sanction as may be appropriate[,]" the circuit court was well within the broad limits of its discretion when it imposed monetary sanctions on attorney Jacobson as a post-condition to the effectiveness of the order of reinstatement of the action. The fact that the court did not expressly cite RCCH Rule 12.1(a)(6) is inconsequential.

█ The Appellants contend that by ordering attorney Jacobson to make the payments, the court disabled the Schonlebers "from performing the acts the Court required in order to prevent their action's dismissal." We agree. A court order requiring a party's attorney to make a payment cannot be a pre-condition or a post-condition to an order in favor of the party unless the party is authorized to make the payment for the attorney.

### E.

The Appellants allege that the court based its imposition of sanctions on the erroneous idea that defendants "had" to oppose the Schonlebers' motions. They base this allegation on the following statement in the July 28, 2000 order: "The Court finds that, as a direct result of counsel's reckless conduct, that Defendants incurred unnecessary cost and expense in having to appear and prepare for the hearing on Plaintiffs' Motion to Set Aside Final Order of Dismissal."

Attorney Jacobson argues that

[t]he purported purpose of the awards was "to reduce the Defendants' cost and expense of *having* to appear and prepare for the hearing" on the motion to set aside the Clerk's dismissal order. The Circuit Court did not explain why it thought anyone "*has*" to appear and unsuccessfully oppose a meritorious motion.

(Record citations omitted.) In other words, the Appellants argue that it was unreasonable for the Takahashis' counsel and ARA's counsel to oppose their motion because, as decided in section "A" above, their motion was meritorious.

We disagree with the Appellants' logic. The fact that it was subsequently decided that the Schonlebers' motion was meritorious does not establish that opposition by the Takahashis and ARA to the Schonlebers' motion was unreasonable. On the contrary, we conclude that the unsuccessful opposition by the Takahashis and ARA to the Schonlebers' motion was reasonable. This is especially true in light of the genuine issue whether the condition imposed was a pre-condition to the effectiveness of the order rather than a post-condition to the effectiveness of the order.

### F.

The Appellants contend that "[t]he Circuit Court opined that [attorney Jacobson] had been 'reckless' ... based in part upon its view that [the] Clerk's dismissal orders under HRCP Rule 12(q) are 'with prejudice'.... However, there was no finding of 'bad faith' ... nor could there have been."

The transcript of the June 13, 2000 hearing states, in relevant part, as follows:

THE COURT: And I guess that's what most frustrating to the Court, Mr. Jacobson, because essentially you prevailed in part on that summary judgment motion. And so you have this order that required a pretrial statement be filed by January 25th, and you let that go. And even when you prevail on the summary judgment, you let it go again. And as a precaution because clearly you knew enough to file the request for the second extension to avoid that deadline that had been earlier set for October 25, 1999.

I think certainly you were reckless.

. . . .

MR. JACOBSON: ... If this act were dismissed, all it would mean is that we would have to refile and we would have to go through everything all over again and it would just be a pointless waste of everyone's time.

THE COURT: I'm not sure that argument is a correct or persuasive argument, Mr. Jacobson, because if this motion were denied, your action would be dismissed with prejudice. So I'm not sure that you fully comprehend the situation presented here. And that's one of the reasons why I believe you were reckless.

We agree with the Appellants that the court was mistaken that if the motion was denied, the action would be dismissed with prejudice. However, the sanctions at issue were imposed in favor of the Takahashis and ARA because of the waste of time for the attorneys for the Takahashis and ARA and the resulting expenses incurred by the Takahashis and ARA, not because the Schonlebers' action might have been dismissed with prejudice.

We agree with the Schonlebers that "sanctions cannot be assessed under the Court's inherent powers absent a specific finding of bad faith based upon clear and convincing evidence. *Bank of Hawaii v. Kunimoto*, 91 Hawai'i 372, 389–391, 984 P.2d 1198, 1215–1217 (1999)." However, a finding of "bad faith" is not necessary for imposition of sanctions pursuant to RCCH Rules 12(q), 12(t), and 12.1(a)(6).

### G.

Contending that the circuit court abused its discretion in imposing the sanctions, the Appellants argue as follows:

Takahashis essentially conceded, during oral argument, that pretrial statements should not have been filed until the results of [the] Schonlebers' motion for partial summary judgment were clear. . . .

The Clerk's dismissal Order was improper under [RCCH] Rule 12(q) without advance warning, it was clear that [the] Schonlebers were vigorously prosecuting

their case, there was no basis for ARA's and Takahashis' opposition, and the Circuit Court misunderstood the nature of the Clerk's Order as being "with" prejudice.

Moreover, the Circuit Court acted inconsistently, and thus arbitrarily and capriciously. The Circuit Court itself had taken over seven (7) months from its filing to enter an Order on [the] Schonlebers' partial summary judgment motion. It had not yet entered the judgment on that Order, and still has not.

Moreover, the Circuit Court had not yet ruled, and has still not ruled, on [the] Schonlebers' motion for sanctions for clearly more egregious conduct, *i.e.*, Takahashis' frivolous recording of a lis pendens, and Takahashis' presentation of perjured affidavits and altered documents in defense of their recording.

With respect to the first paragraph quoted above, even assuming pretrial statements should not have been filed until the results of the Schonlebers' September 29, 1999 motion for partial summary judgment were clear, it was the duty of the Schonlebers to obtain an extension of time within which to file the required pretrial statement. They had previously obtained two extensions, the latter to January 25, 2000.

With respect to the second paragraph quoted above, the fact "that [the] Schonlebers were vigorously prosecuting their case" did not excuse or provide a reasonable explanation for their failure to comply with the court's order requiring them to file their pretrial statement on or before January 25, 2000. The other arguments stated in the paragraph have been answered in preceding sections of this opinion.

With respect to the third and fourth paragraphs quoted above, no matter what their merit, the facts stated are not defenses to a violation of the court's rules. In Appellants' Motion for Partial Reconsideration, the Appellants contend that "the pertinent question is not whether [the facts stated] constitute 'defenses.' The pertinent question is whether [the facts stated] relate to reasonableness, which they clearly do." (Record citation omitted.) We disagree.

In general, unless the duty of the party to act depends upon the court's action, the court's inaction has no impact upon the duty of the party to act. In this case, the court's alleged inaction in entering rulings and orders is not relevant to the question whether the circuit court abused its discretion when it sanctioned attorney Jacobson for his reckless failure to comply with the relevant rules and orders of the court.

### H.

In Appellants' Motion for Partial Reconsideration, the Appellants argue that

[i]t is unreasonable, arbitrary and capricious to sanction a party for an unconscious error which created little if any delay, when the Court itself was delaying the action by taking many months to issue its Order and Judgment.

. . . .

Moreover, "recklessness" would imply a conscious decision not to file a pretrial statement, rather than an unconscious calendaring error. But there is nothing whatsoever in the record, anywhere, indicating that there was any such conscious decision.

We disagree that " 'recklessness' would imply a 'conscious decision.' " Being reckless is being heedless, careless, and having no regard for consequences. In this case, the relevant events occurred as follows: (1) On July 26, 1999, pursuant to RCCH Rule 12(q), the clerk of the court issued a Notice of Proposed Dismissal due to the failure of the Schonlebers to file a pretrial statement within eight months after the complaint was filed; (2) on July 28, 1999, attorney Jacobson filed a Declaration of Counsel Objecting to Notice of Proposed Dismissal in which he cited his inability to complete discovery until "yesterday" and requested an extension to August 27, 1999, in which to file a pretrial statement; (3) on August 4, 1999, an Order Withdrawing Notice of Proposed Dismissal was filed stating: "IT IS ORDERED that the Notice of Proposed Dismissal entered herein on *JULY 26, 1999* is hereby withdrawn on condition that Pretrial STATEMENT IS FILED WITHIN 90 DAYS" (emphases in original); (4) On October 26, 1999, the court granted the Schonlebers' Ex Parte Motion for Second Extension of Time for Filing Pretrial Statement (the deadline for filing the pretrial statement was extended to January 25, 2000); (5) on May 11, 2000, the Schonlebers having failed to file their pretrial statement and the clerk of the court entered a final order of dismissal; (6) on May 22, 2000, attorney Jacobson filed the Schonlebers' Motion to Set Aside Final Order of Dismissal; (7) on June 13, 2000, a hearing was held on the May 22, 2000 Motion; and (8) on July 14, 2000, the Schonlebers filed their pretrial statement.

The Appellants characterize attorney Jacobson's failure to file a pretrial statement after October 26, 1999 and before May 11, 2000 as "an unconscious calendaring error." Based on the record, we characterize attorney Jacobson's first "unconscious calendaring error" as neglect. The circuit court characterized his second "unconscious calendaring error" as having "acted recklessly[.]" Based on the record, we characterize it as reckless neglect. The record in this case supports the circuit court's decision that attorney Jacobson's second failure to timely file the pretrial statement was reckless.

### CONCLUSION

Accordingly, we vacate the circuit court's July 28, 2000 Order Granting Plaintiffs' Motion to Set Aside Final Order of Dismissal Filed on May 22, 2000, and remand for proceedings consistent with this opinion.