79 P.3d 681

Gerald WEBB, Plaintiff–Appellant,

v.

Anthony Dixon HARVEY and Robert's Tours and Transportation, Inc., Defendants–Appellees,

and

John Does 1–10 and Doe Entities 1–10, Defendants.

No. 24851.

Intermediate Court of Appeals of Hawai'i.

Oct. 13, 2003.

**64**

Charles H. Brower, Honolulu, on the briefs, for plaintiff-appellant.

George W. Van Buren, Robert G. Campbell, and John B. Shimizu, on the briefs, for defendants-appellees.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Plaintiff–Appellant Gerald Webb (Webb) appeals from a December 18, 2001 Judgment (Judgment) dismissing his case against Defendants–Appellees Anthony Dixon Harvey (Harvey) and Robert's Tours and Transportation, Inc. (Robert's). The Judgment, entered by Judge Gary W.B. Chang, finalized the September 21, 2001 "Order of Dismissal with Prejudice of Plaintiff's Complaint Filed on March 9, 1999" (September 21, 2001 Dismissal) and the September 21, 2001 "Order Denying Plaintiff Gerald Webb's Motion to Continue Trial Date" (September 21, 2001 Denial). We affirm.

## BACKGROUND

On March 9, 1999, Webb filed a Complaint against Harvey and Robert's for injuries Webb suffered as a pedestrian hit by a Robert's tour bus driven by Harvey. On February 2, 2000, Webb filed a request for "trial de novo of the Arbitrator's Award dated January 27, 2000."

On July 5, 2000, the court filed its "Status Conference Order No. 1 Setting Trial Date and Establishing Pretrial Procedures." This order scheduled the trial for the week of October 1, 2001; estimated that the length of the jury-waived trial would be eight days; ordered the parties to meet and confer not later than "*21 calendar days* before the scheduled *trial date*" (emphasis in original); scheduled a pretrial conference to be held on Monday, September 17, 2001; set forth a variety of tasks to be accomplished by either or both of the parties prior to the pretrial conference; and stated cumulative and non-exclusive potential sanctions for failure to comply.

On October 30, 2000, the Law Offices of Richard Turbin moved to withdraw as counsel for Webb because, in the words of Richard Turbin (Turbin):

    5.  [Webb] and his counsel are unable to agree as to a course of action that will best serve [Webb].

    6.  [Webb] insists upon pursuing a course of action that [Turbin] [considers] to be imprudent.

On December 8, 2000, the court entered an "Order Granting Plaintiff's Counsel's Motion for Withdrawal of Counsel Filed October 30, 2000." Thereafter, Webb represented himself.

On July 18, 2001, the court filed a Notice of Settlement Conference. This notice stated, in relevant part, that a settlement conference would be held at 4:00 p.m. on August 21, 2001, and that "[failure] to appear at said conference or to comply with any provisions of Rule 12.1 of the Rules of the Circuit Court [of the State of Hawai'i (RCCSH)] may result in sanctions by the court as provided in Rule 12.1(a)(6) of the [RCCSH]." The court mailed the July 18, 2001 Notice of Settlement Conference to Webb's Las Vegas, Nevada address.

Webb failed to appear at the scheduled August 21, 2001 settlement conference. He participated in a rescheduled settlement conference by telephone on August 30, 2001.

At the September 17, 2001 pretrial conference, as reported in the court's September 21, 2001 Dismissal:

The Pretrial Conference scheduled for 2:00 ... p.m. on September 17, 2001 was held.... [Harvey] and [Robert's] were represented.... The Court noted the absence of [Webb].

    . . . .

The Court determined that the Status Conference Order had been provided to [Webb].

    . . . .

The Bailiff made three calls for [Webb], but [Webb] was not present and did not appear.

As reported in the transcript of the September 17, 2001 pretrial conference, the court stated that it (a) viewed Webb's "absence as indicating [a] lack of prosecution" and (b) "will enter an order dismissing the case with prejudice."

On September 18, 2001, at 8:12 a.m., Webb's "Motion to Continue Trial Date" (September 18, 2001 Motion) was filed. It had been sent by UPS Next Day Air from Las Vegas, Nevada, to the court by Webb. In this motion, Webb requested an "order continuing the trial date in this case, currently scheduled for the week of October 1, 2001 until the week of May 1, 2002, or another day thereafter convent [sic] to both the Court and counsel." In an accompanying declaration, Webb stated as follows:

1) I'm the plaintiff of record in the above case. I'm a practicing Civil Engineer located and working in Las Vegas Nevada, USA, and at present I'm representing myself in this matter.

2) Despite the exercise of diligence, I've been unable to retain counsel, reason being any counsel I've discussed the above matter with feel there is not enough time to properly prepare a competent case.

3) Absent a reasonable continuance, I feel any proper representation of [my] case by counsel or by his representative will be inadequate for the current trial date.

The court filed its September 21, 2001 Dismissal at 2:54 p.m. In this order, the court stated, in relevant part, as follows: "IT IS HEREBY ORDERED that [Webb's] Complaint filed on March 9, 1999 is dismissed with prejudice for lack of prosecution."

At 2:56 p.m., the court entered the September 21, 2001 Denial stating, in relevant part, as follows: "[Webb] having filed his Motion to Continue Trial Date on September 18, 2001, IT IS HEREBY ORDERED that [Webb's] Motion to Continue Trial is denied due to lack of jurisdiction." The December 18, 2001 Judgment followed. Webb did not file a motion for reconsideration as permitted by Hawai'i Rules of Civil Procedure (HRCP) Rule 59(e)(2003).

## POINT ON APPEAL

Webb contends as follows:

The Court dismissed the case due to Webb's failure to appear at the September 17, 2001, Pretrial Conference and failure to prosecute. At the time of the dismissal the Court was not aware that Webb had prepared and submitted the Motion To Continue Trial Date and had transmitted the Motion To Continue Trial Date so as to reach the Court prior to the Pretrial Conference set for September 17, 2001, at 2:00 p.m. In fact since it was filed on September 18, 2001, at [8:12] a.m., the motion must have been received on September 17, 2001. Pursuant to the records, the Pretrial Conference was actually called at 2:41 p.m. on September 17, 2001.

Webb further contends that the "Default Judgment entered on December 18, 2001, should be set aside and the case remanded to Circuit Court for further proceedings including consideration of Webb's [September 18, 2001 Motion] which was not ruled upon by [the court]."

## DISCUSSION

Hawai'i Rules of Appellate Procedure (HRAP) Rule 10(a) states as follows:

The record on appeal shall consist of the following:

(1) the original papers filed in the court or agency appealed from;

(2) written jury instructions given, or requested and refused or modified over objection;

(3) exhibits admitted into evidence or refused;

(4) the transcript of any proceedings prepared pursuant to the provisions of Rule 10(b);

(5) in a criminal case where the sentence is being appealed, a sealed copy of the presentence investigation report; and

(6) the indexes prepared by the clerk of the court appealed from.

HRAP Rule 28(b) (2003) states, in relevant part, as follows:

> Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
>
> . . . .
>
> (3) A concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. In presenting those material facts, all supporting and contradictory evidence shall be presented in summary fashion, with appropriate record references. Record references shall include page citations and the volume number, if applicable. References to transcripts shall include the date of the transcript, the specific page or pages referred to, and the volume number, if applicable. Lengthy quotations from the record may be reproduced in the appendix.

■ All involved in this case need to be reminded that documents, such as clerk minutes and letters to and from the court, that are in, attached to, or appended to the lower court record but which have not been "filed" in the lower court record as evidenced by the court clerk's file stamp, are not a part of the record on appeal. HRAP Rule 10(a). In other words, for purposes of the appeal, these documents do not exist and may not be cited as if they exist.[1] HRAP Rule 28(b).

The statement in the opening brief that "[in] fact since [Webb's September 18, 2001 Motion] was filed on September 18, 2001, at 8:12 a.m., the motion must have been received on September 17, 2001" is without basis in fact in the record. Nothing in the record indicates when Webb's September 18, 2001 Motion was sent, delivered, or received. All we know from the record is that Webb's September 18, 2001 Motion (a) had been sent by UPS Next Day Air to the court from Las Vegas, Nevada, by Webb and (b) was filed in the court on September 18, 2001, at 8:12 a.m.

■ We agree with Webb that the court erred when it entered the September 21, 2001 Denial "due to lack of jurisdiction." At least until the Judgment was entered on December 18, 2001, the court had jurisdiction in the case.

■ We agree with Webb's statement that the "Court dismissed the case due to Webb's failure to appear at the September 17, 2001, Pretrial Conference[.]" The court's September 21, 2001 Dismissal of the case was a sanction for Webb's non-attendance at the September 17, 2001 pretrial conference. Even had it been received by the court prior to the September 17, 2001 pretrial conference, Webb's September 18, 2001 Motion would not have precluded the court from doing what it did.

In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the plaintiff's attorney failed to attend a mandatory pretrial conference. The plaintiff's attorney left a message with the court prior to the pretrial conference seeking a continuance. However, he did not attend the pretrial conference. Two hours later, the court dismissed his case, stating that the "dismissal was in the 'exercise of its inherent power.' " The United States Supreme Court affirmed the judgment and noted that "the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,'... necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–631, 82 S.Ct. 1386.

HRCP Rule 16(f) (2003) states, in relevant part, as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at

---

1. We do not know the answer to the following question: If "documents, such as court minutes and letters to and from the court, that are in, attached, or appended to the lower court record but which have not been 'filed' in the lower court record as evidenced by the court clerk's file stamp, are not a part of the record on appeal[,]" why are they forwarded to the appellate court by the lower court?

We also do not know the answer to the following question: Why are court minutes and letters to and from the court in the case not filed?

a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Potential sanctions are listed in HRCP Rule 37(b)(2) as follows:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

■ We recognize that the "power of the court to prevent undue delays and to achieve the orderly disposition of cases must be weighed against the policy of law which favors disposition of litigation on its merits." *Compass Dev., Inc. v. Blevins*, 10 Haw.App. 388, 402, 876 P.2d 1335, 1341 (1994) (citations omitted). Conversely, the policy of law which favors disposition of litigation on its merits must be weighed against the power of the court to prevent undue delays and to achieve the orderly disposition of cases. Moreover, "[on] appellate review, ... sanctions ... are reviewed for an abuse of discretion." *Schonleber v. A Reef Adventure, Inc.*, 97 Hawai'i 422, 426, 38 P.3d 590, 594 (App. 2001) (quoting *Enos v. Pac. Transfer & Warehouse, Inc.*, 79 Hawai'i 452, 459 n. 7, 903 P.2d 1273, 1280 n. 7 (1995)). An abuse of discretion occurs when the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted).

Webb argues that despite his non-appearance at the September 17, 2001 pretrial conference, the circuit court was required to take into consideration his September 18, 2001 Motion before it dismissed his case.

Webb fails to recognize that all the reasons given by him in support of his September 18, 2001 Motion are not valid reasons excusing his non-appearance at the September 17, 2001 pretrial conference. On the contrary, they are valid reasons supporting the September 21, 2001 Dismissal. They show that Webb, in September 2001, was not ready to go to trial in a case in which he should have been ready to go to trial. The history of the case is summarized as follows: in March 1999, Webb filed the Complaint; in February 2000, Webb filed a request for trial de novo of the Arbitrator's Award; in July 2000, the court scheduled a pretrial conference to be held on September 17, 2001, and an eight-day trial to occur in October 2001; on December 8, 2000, the court entered an order permitting Webb's counsel to withdraw because, in the words of counsel, "[Webb] insists upon pursuing a course of action that [counsel] [considers] to be imprudent"; on July 18, 2001, the court filed its Notice of Settlement Conference stating that a settlement conference would be held at 4:00 p.m. on August 21, 2001; Webb failed to appear at the scheduled August 21, 2001 settlement conference; Webb participated in a rescheduled settlement conference by telephone on August 30, 2001; and, without seeking the court's approval, Webb filed his September 18, 2001 Motion in attempted substitution for his unexcused non-appearance at the September 17, 2001 pretrial conference.

■ Webb's attempt to excuse his non-appearance at the September 17, 2001 pretrial conference by the fact that he mailed his September 18, 2001 Motion allegedly in time for the September 17, 2001 pretrial conference is not an acceptable excuse. Moreover, the reason stated in Webb's September 18, 2001 Motion for seeking a continuation of the trial, *i.e.*, his inability to retain counsel because "there is not enough time to properly prepare a competent case[,]" is not a valid reason for granting his motion. Webb knew no later than December 8, 2000, that he needed replacement counsel for an eight-day trial to commence during the first week of October 2001. Back then, Webb had plenty of time to retain replacement counsel. His

recognition of the problem in September of 2001 was way too late.

## CONCLUSION

Accordingly, we affirm the December 18, 2001 Judgment that finalized the September 21, 2001 "Order of Dismissal with Prejudice of Plaintiff's Complaint Filed on March 9, 1999" and the September 21, 2001 "Order Denying Plaintiff Gerald Webb's Motion to Continue Trial Date."