TERRY LEE and WENDY P. BRELLOW-SCOTT, Plaintiffs-Appellees,
v.
JOYCELYN WANDA UNCIANO, Defendant-Appellant, and
DEBRA ANN HOKULANI JOSHUA; MARJON ANDERHOLM; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50, Defendants
No. 27971.
Intermediate Court of Appeals of Hawaii.
June 26, 2008.
Gary L. Hartman on the briefs for Defendant-Appellant, Joycelyn Wanda Unciano.
Robert E. Chapman, (Clay Chapman Crumpton Iwamura & Pulice) on the brief, and Karin L. Holma and Lori N. Tanigawa (Bays Deaver Lung Rose & Holma), for Plaintiffs-Appellees, Terry Lee and Wendy P. Brellow-Scott.

SUMMARY DISPOSITION ORDER
Watanabe, Presiding Judge, Foley and Fujise, JJ.
Defendant-Appellant Joycelyn Wanda Unciano (Unciano) appeals from the Final Judgment filed on May 9, 2006 and the Amended Final Judgment filed on June 7, 2007[1] in the Circuit Court of the First Circuit (circuit court). After a jury-waived trial, the circuit court filed its "Findings of Fact and Conclusions of Law; Order"[2] (FOFs/COL5/Order) on April 17, 2006 and subsequently entered judgment in favor of Plaintiffs-Appellees Terry Lee (Lee) and Wendy P. Brellow-Scott (Brellow-Scott) (hereinafter collectively referred to as Plaintiffs) and against Defendants Unciano, Debra Ann Hokulani Joshua (Joshua),[3] and Marjon Anderholm (Anderholm) (hereinafter collectively referred to as Defendants).
On appeal, Unciano contends:
(1) The circuit court abused its discretion by denying Unciano's oral motion to strike the testimony of Plaintiffs' handwriting expert, Reed Hayes (Hayes) (Motion to Strike). Related to this claim is Unciano's argument that the circuit court's Findings of Fact (FOFs) B22, C2, and C4 through C6 are clearly erroneous.
(2) The circuit court erred in finding that Defendants breached their contract with Plaintiffs and breached their duty of good faith and fair dealing because the court's findings were based on clearly erroneous FOFs and wrong Conclusions of Law (COLs).
(3) The circuit court abused its discretion in awarding Plaintiffs punitive damages because there was no clear and convincing evidence that such an award was warranted. Related to this argument is Unciano's claim that portions of FOFs F2 and F3 are clearly erroneous and COLs C1 through C6 are wrong.
(4) The circuit court committed reversible error by including Anderholm and Joshua in its Final Judgment, when the circuit court had already entered final judgments against Anderholm on April 26, 2005 and Joshua on January 31, 2006.
(5) The circuit court abused its discretion in awarding Plaintiffs pre-judgment interest from November 1, 2000. Related to this argument is Unciano's assertion that COL Fl is wrong.
(6) The circuit court abused its discretion in awarding Plaintiffs attorneys' fees and costs. Related to this argument is Unciano's contention that COL Fl is wrong.
(7) The circuit court "erred in failing to conclude that [Lee] as trustee was not a party to the [Note Secured by Deed[4]] and [Unciano] was the prevailing party as to [Lee]" and, hence, erred in not awarding Unciano costs and attorneys' fees on the breach of contract and unfair and deceptive practices claims.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Unciano's points of error as follows:
(1) The circuit court did not abuse its discretion in denying Unciano's oral motion to strike Hayes's testimony, and FOFs B22, C2, and C4 through C6 are not clearly erroneous. The circuit court had the discretion to determine whether Hayes was credible and how much weight to give his testimony, and we "will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence." Kaho`ohanohano v. Dept of Human Serv., State of Hawai`i, 117 Hawai`i 262, 301, 178 P.3d 538, 577 (2008) (internal quotation marks and citations omitted).
(2) The circuit court was not wrong to conclude that Defendants breached their contract with Plaintiffs and their duty of good faith and fair dealing.
(a) The circuit court was not wrong to conclude that Defendants breached their contract with Plaintiffs.
(i) The portion of FOF A4 stating that Lee filed the First Amended Complaint as a trustee is not clearly erroneous because Lee did file in that capacity; however, the portion of FOF A4 stating that Brellow-Scott filed the First Amended Complaint as a trustee is clearly erroneous because Brellow-Scott did not file in that capacity. Nevertheless, the error was harmless. Hawaii Rules of Evidence (HRE) Rule 103(a).
(ii) FOF B8 is clearly erroneous because it misstates Lee's testimony, but the error is harmless. HRE Rule 103(a).
(iii) A portion of footnote 5 to FOF B4 and a portion of FOF B16 are clearly erroneous, but the errors are harmless. HRE Rule 103(a).
(iv) The circuit court did not abuse its discretion by receiving Plaintiffs' exhibits P5, P16 through P18, P20, P23, and P33 through P40 into evidence because the documents were properly authenticated and the exhibits did not constitute hearsay. HRE Rules 402 & 801.
(v) FOFs B14, B15, B17, and B19 are not clearly erroneous and COLs A3 through A5, A7, and A10 are not wrong because the relevance of the telephone conversation did not depend on an identification of Unciano's voice, State v. Konohia, 106 Hawai`i 517, 519-22, 107 P.3d 1190, 1192-95 (App. 2005), and it was within the circuit court's discretion to determine Lee's credibility regarding whether she talked to Unciano on June 28, 2000. Kaho`ohanohano, 117 Hawaii at 301, 178 P.3d at 577.
(vi) COL A4 is actually an FOF because it is "a determination that embraces an ultimate fact." Crosby v. State Dept of Budget & Finance, 76 Hawaii 332, 340, 876 P.2d 1300, 1308 (1994). It is not clearly erroneous.
(vii) The portion of FOF B21 stating that the document comprising Plaintiffs' exhibit P43 was faxed back to Adair on June 28, 2000 is clearly erroneous, but the error was harmless. HRE Rule 103(a).
(viii) FOF B22 was not clearly erroneous because the Note Secured by Deed, dated June 30, 2000, reflects a $457,500, rather than a $475,500, loan amount. The circuit court had the discretion to believe Lee's testimony that the amount of the loan was $457,500. Kaho`ohanohano, 117 Hawaii at 301, 178 P.3d at 577.
(ix) FOF B22 was not clearly erroneous as to whether Unciano signed the Note Secured by Deed because the circuit court was within its discretion in believing Hayes's testimony that Unciano signed it. Kaho`ohanohano, 117 Hawai`i at 301, 178 P.3d at 577.
(x) FOFs B26, 327, B29, B30, and B37 are not clearly erroneous because the circuit court properly interpreted the evidence with regard to where Lee transferred the funds.
(xi) FOF B28 is not clearly erroneous because Plaintiffs' exhibit P7 was properly authenticated. HRE Rule 901.
(xii) A portion of FOF B32 is clearly erroneous because there is no evidence in the record on appeal that Defendants gave Lee the Note Secured by Deed. However, the error was harmless. HRE Rule 103(a).
(xiii) FOF B34 is not clearly erroneous because Lee testified that Unciano and Joshua sent Lee the Mortgage through Adair.
(xiv) Unciano raises, but does not argue, that FOF 39 was erroneous; points not argued may be deemed waived. Hawaii Rules of Appellate Procedure (HRAP) Rule 28(b)(7).
(xv) FOF 341 is clearly erroneous because Lee did not testify that she traveled to Hawaii on September 1, 2000, but the error was harmless. HRE Rule 103(a).
(xvi) FOFs B44 and B45 are not clearly erroneous because the circuit court was within its discretion in believing Lee when she suggested that she tried in vain to contact Unciano prior to or during her October 2002 trip to Hawai`i. Kaho`ohanohano, 117 Hawai`i at 301; 178 P.3d at 577.
(xvii) FOF B49 is clearly erroneous and the portions of COLs A9 and Al3 that state Unciano elected not to present evidence or a defense, respectively, are wrong because Unciano presented evidence and a defense at trial; however, the error was harmless. HRE 103(a).
(xviii) A portion of FOF C2 was clearly erroneous because it referred to Plaintiffs' exhibit P41 as "Warranty Deeds" when that exhibit was really a Notary Record. However, the error was harmless because the identity of the document was not significant for purposes of Hayes's analysis. HRE 103(a).
(xix) We are not at liberty to address one of Unciano's arguments with regard to FOF C2 because it is based on a demonstrative chart that is not in the record. Webb v. Harvey, 103 Hawaii 63, 66, 79 P.3d 681, 684 (App. 2003) (holding that documents not filed (as evinced by court clerk's file stamp) are not part of record on appeal, pursuant to HRAP Rule 10(a), and may not be cited as if they exist, HRAP Rule 28(b)).
(xx) The circuit court did not abuse its discretion by admitting Plaintiffs' exhibit P41 into evidence, even though Plaintiffs did not call a notary to authenticate the Notary Record. HRE Rule 901.
(xxi) The circuit court's citations to Plaintiffs' exhibits P2 and P10 in FOF C2 were clearly erroneous, but the error was harmless because the court also cited to the correct exhibits in FOF C2. HRE Rule 103(a).
(xxii) Because the foregoing FOFs are either not clearly erroneous or are clearly erroneous but harmlessly so, COLs Al and Al2 are not wrong.
(b) The circuit court was not wrong in concluding, in COL E3, that Defendants breached their duty of good faith and fair dealing.
(i) The portion of FOF C6 stating that there was no evidence presented to substantiate a finding that someone other than Unciano signed the questioned documents is actually a COL and is not wrong. Crosby, 76 Hawaii at 340, 876 P.3d at 1308. The circuit court correctly concluded: ". . . nor was there any evidence presented to substantiate a finding that someone other the [Unciano] had signed the questioned documents.
(ii) The circuit court was within its discretion in concluding in FOF C6 that Unciano's attorney's cross-examination of Hayes was insufficient to disregard the expert opinion. Kaho`ohanohano, 117 Hawaii at 301, 178 P.3d at 577.
(iii) COL A6, which is actually an FOF, is clearly erroneous because Lee did not testify that Brellow-Scott was not repaid the loan amount, plus interest. Lee testified that she was not repaid; she did not mention Bellow-Scott. Crosby, 76 Hawai`i at 340, 876 P.3d at 1308. Nevertheless, the error was harmless. HRE 103(a).
(iv) COLs B1 and B2 are wrong because the more recent standard set forth in Matsuura v. E.I. Du Pont de Nemours & Co., 102 Hawaii 149, 162-63, 73 P.3d 687, 700-01 (2003), is applicable, not the standard established in TSA Int'l Ltd. V. Shimizu Corp., 92 Hawaii 243, 255, 990 P.2d 713, 725 (1999), and Shoppe v. Gucci America, Inc., 94 Hawaii 368, 386, 14 P.3d 1049, 1067 (2000). However, the error was harmless because the circuit court apparently applied the Matsuura standard to the facts in the instant case.
(v) COLs B4 and B5 are not wrong because they do not contradict COL B8.
(vi) COLs B6 through B9 and footnote 12 to COL B8 are not wrong because the circuit court was within its discretion in concluding, based in large part upon Lee's testimony, that Lee reasonably relied upon Defendants' representations. Further, although the circuit court may not have tracked the language of Matsuura, TSA, or Shoppe in Footnote 12, it is clear that the court applied the appropriate standard for a showing of fraudulent inducement to the facts in this case.
(3) The circuit court did not abuse its discretion by including Joshua and Anderholm in its Final Judgment and Amended Final Judgment because the court's action could not have detrimentally affected Unciano. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).
(4) The circuit court did not abuse its discretion by awarding Plaintiffs punitive damages, and portions of FOFs A2 and A3 are not clearly erroneous and COLs Cl through C6 are not wrong. The circuit court was within its discretion in finding credible Lee's testimony that Unciano represented to her that Unciano owned the four collateral properties and Hayes's testimony that Unciano's signature was on the questioned documents. Kaho`ohanohano, 117 Hawaii at 301, 178 P.3d at 577.
(5) The circuit court did not abuse its discretion by failing to apply the election-of-remedies doctrine. Plaintiffs' claims were not inconsistent; therefore, Plaintiffs did not have to elect any of them to the exclusion of the others. Cieri v. Leticia Query Realty, Inc., 80 Hawaii 54, 71, 905 P.2d 29, 46 (1995); Airgo, Inc. v. Horizon Cargo Trans. Inc., 66 Haw. 590, 593, 670 P.2d 1277, 1280 (1983); Chambrella v. Rutledge, 69 Haw. 271, 285, 740 P.2d 1008, 1016 (1987); Wallis v. Superior Court, 160 Cal. App. 3d 1109, 1114, 207 Cal. Rptr. 123 (1984) (overruled on other grounds); Black's Law Dictionary 1320 (7th ed. 1999); Exotics Hawaii-Kona, Inc. v. E.I. Du Pont de Nemours & Co., 116 Hawaii 277, 291, 172 P.3d 1021, 1035 (2007). Further, prejudgment interest and attorney's fees and costs are not remedies.
(6) The circuit court erred in labeling the interest it awarded Plaintiffs "prejudgment interest," when the award was really for 1296 interest that had accrued on the principal amount of the loan, according to the Note Secured by Deed. Thus, that portion of COL F1 is wrong. Tri-S Corp. v. Western World Ins. Co., 110 Hawaii 473, 498, 135 P.3d 82, 107 (2006); Metcalf v. Voluntary Employees' Benefit Assn of Hawai`i, 99 Hawaii 53, 61, 52 P.3d 823, 831 (2002). Nevertheless, the error was harmless. Hawaii Revised Statutes (HRS) § 636-16 (1993); HRE Rule 103(a). Further, it is clear from reviewing Plaintiffs attorney's request for prejudgment interest and COL Al2 that the interest was to accrue per annum.
(7) The circuit court did not abuse its discretion by awarding Plaintiffs attorney's fees and COLS Fl through C4 are not wrong because Unciano cites to no authority, and we find none, for her contention that the circuit court was required to provide a statutory basis for its award of attorney's fees. HRS § 607-14 (Supp. 2007).
However, the circuit court should have apportioned the award between assumpsit and non-assumpsit claims because the court awarded Plaintiffs damages for breach of contract and fraudulent inducement and punitive damages. Porter v. Hu, 116 Hawai`i 42, 66, 169 P.3d 994, 1018 (App. 2007).
(8) The circuit court did not abuse its discretion in awarding Plaintiffs costs because Unciano cites to no authority, and we find none, for her contention that the circuit court was required to provide a statutory basis for its award of costs. HRCP Rule 54(d); HRS § 607-9 (1993); Hawaii Ventures, LLC v. Otaka, Inc., 116 Hawaii 465, 469-70, 173 P.3d 1122, 1126-27 (2007).
We conclude that it was reasonable for the circuit court to assume that since Plaintiffs' counsel's accounting for costs was attached to counsel's declaration in response to the court's FOFs/COLs/Order, the costs pertained to this case. Unciano is correct that computer legal research costs are not taxable costs. Bjornen v. State Farm Fire & Cas. Co., 81 Hawaii 105, 107, 912 P.2d 602, 604 (App. 1996). We do not believe that the lack of any action in this case on the date Plaintiffs' counsel allegedly incurred a parking validation fee renders the fee per se unreasonable. We decline to address Unciano's remaining points of error regarding the circuit court's award of costs because she does not adequately argue those points. HRAP Rule 28(b)(7).
(9) Because the circuit court failed to allocate in the Final Judgment the specific amount of costs it was awarding to Plaintiffs, we cannot determine if the circuit court considered any of Unciano's objections and, if so, which ones. The circuit court did not specify if its reduction of the fees and costs was applicable to the fees, costs, or both. We remand this case to the circuit court for an order setting forth the assumpsit/non-assumpsit fees and the amount of costs awarded to Plaintiffs.
(10) Given our holdings in this opinion, the circuit court did not abuse its discretion in failing to award Unciano attorney's fees because Unciano was not the prevailing party in this case. HRS § 607-14 (Supp. 2007).
Therefore,
IT IS HEREBY ORDERED that the Final Judgment filed on May 9, 2006 is vacated only as to the amount of fees and costs awarded to Plaintiffs, and this case is remanded to the circuit court to enter a second amended final judgment as to only the fees and costs. The remainder of the May 9, 2006 Final Judgment and the Amended Final Judgment filed on June 7, 2007 are affirmed.
NOTES
[1] In the Amended Final Judgment, the circuit court amended the spelling of Unciano's name in the Final Judgment; stated that all references in the Final Judgment to Defendant Debra Ann Hokulani Joshua shall include her various aliases; and stated that the Final Judgment "shall, in all other respects, remain in full force and effect.
[2] The Honorable Randal K.O. Lee issued the "Findings of Fact and Conclusions of Law; Order," the Final Judgment, and the Amended Final Judgment.
[3] Joshua was also known as Deborah Ann Hokulani Joshua, Deborah A.H. Joshua, Debbie, Deborah H. Joshua, Deborah Hokulani Joshua, Rose K. Joshua, Rose Kapulani Joshua, Ann Joshua, Rose Miller, and Barbara Jean Pettus.
[4] There are three promissory notes in this case:

A Straight Note (Plaintiff's Exhibit P1 in evidence) dated June 30, 2000 for $475,500; from Anderholm to Lee and Brellow-Scott; and signed by only Anderholm, personally and on behalf of Elegance of Crystal (hereinafter, Straight Note or P1).
A Note Secured by Deed and Mortgage (Plaintiff's Exhibit P2 in evidence) dated June 30, 2000 for $457,500; from Unciano, Joshua, and Anderholm to Lee and Brellow-Scott; and signed by only Anderholm, personally and on behalf of Elegance of Crystal (hereinafter, Anderholm Note or P2).
A Note Secured by Deed and Mortgage (Plaintiff's Exhibit P3 in evidence) was a facsimile; for $457,500; from Unciano, Joshua, and Anderholm to Lee and Brellow-Scott; and signed by Unciano, Joshua, and Anderholm, personally and on behalf of Elegance of Crystal (hereinafter, Note Secured by Deed or P3). P3 was purported to be a facsimile copy of P2.